**SKINNER et al. v. ROGERS et al.**

Civ. A. 4326.

United States District Court
N. D. Texas, Dallas Division.

Oct. 2, 1951.

Pat Coon, Dallas, Tex., Arthur P. Bagby, Austin, Tex., for the plaintiffs.

Earl Street, Harry Campbell, Jr., and T. Hagan Allin, all of Dallas, Tex., for the defendants.

ATWELL, Chief Judge.

Plaintiffs allege that they were constructing the Garza Little Elm Dam and in the project they had 190 employees who were engaged in moving dirt and rock from one place to another with shovel and moving impedimenta. That the defendant Rogers was one of the inspectors for the Wage and Hour Act, 29 U.S.C.A. § 201 et seq., in the State of Texas, and some of the adjoining states, and that he visited the scene of such undertaking, talked with several of the workmen and ascertained that they were not being paid Wage and Hour Act wages, and that they were working more than forty hours per week.

A temporary injunction was first granted after hearing, and, upon this, the final trial, voluminous exhibits and testimony were introduced by the defendants, with the attempt to establish that the work was for the purpose of furnishing more water to the city of Dallas for its industrial district, and, eventually, and finally, to afford a further use of the Trinity River some three hundred miles below Dallas for navigation. That portion of the Trinity River which is nearer the Gulf, and which is a considerable distance from Dallas, does carry interstate commerce for distribution by railroads and ships from certain Gulf ports.

A Congressional exhibit was offered which showed the passing of an Act by the Congress authorizing the survey of the Trinity River and its eventual including, through its upper sources of such a supply of water, that it would afford assistance for interstate shippers and for navigation.

Testimony did not support this dream, insofar as navigation is concerned, at an early date in the future.

The defendant Rogers had no right under the law, to send the great quantity of letters to the laborers, or, to make threats to the employer that suits would be brought against them for $14,902.84 for parties under the Wage and Hour law. He has, and had, only such power as Sec. 16 of subdivision (c) of the Wage and Hour law gives him, to-wit, after a court shall have settled the law with reference to a matter.

His activity in stirring up trouble between the employer and employees is not at all justifiable as a representative of the United States Wage and Hour statute. The employees who were doing the work were paid for overtime, if and when they worked more than eight hours per day.

The defendant has no authority under the constitutional grant of supervision

over interstate commerce, to enter and criticize the wages of an employee who is piling dirt on a dam, which, even itself, is not used in interstate commerce and may never be used in interstate commerce.

The defendants are enjoined permanently from stirring up trouble, writing letters, and making threats with reference to such workers.